IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. FLFMC, LLC., Plaintiffs, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 10-0420 |
| WILLIAM BOUNDS, LTD., Defendant. | )<br>)<br>)<br>) |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.

July 28, 2010

This is a qui tam action under the Patent Act. Relator, FLFMC, LLC., alleges that defendant, William Bounds, LTD. ("Bounds"), engaged in false patent marking in violation of section 292 of the Patent Act. 35 U.S.C. § 292. Relator alleges that Bounds falsely marked pepper mills that it manufactures and sells with U.S. Patent No. 3,168,256, which expired on May 2, 1983. Relator contends that Bounds should be held liable under section 292 of the Patent Act and seeks one half of any penalty imposed.

Bounds has filed a motion to dismiss, and in the alternative, a motion to stay this case pending a decision by the Court of Appeals for the Federal Circuit in Stauffer v. Brooks Brothers, Nos. 2009-1428, 2009-1430, 2009-1453 (Fed. Cir.). Bounds contends that Stauffer is essentially identical to the present matter such that either dismissal should be granted based upon the relator's lack of standing, or the case should be stayed pending a

decision by the Court of Appeals for the Federal Circuit because the decision may require dismissal of this case. Relator claims that it has satisfied all the requirements to have standing in this <u>qui tam</u> action and that this case should not be stayed because Bounds has failed to support such a request.

Because the court has found that a stay of the proceedings is proper in this case to promote judicial economy, and because of a showing of hardship by Bounds, this case will be administratively closed pending resolution of <u>Stauffer</u> in the Court of Appeals for the Federal Circuit.

I. <u>BACKGROUND</u>

Relator, FLFMC, LLC., is a Pennsylvania limited liability company owned by Debra Parrish, a local patent attorney. Defendant, William Bounds, LTD., is a California corporation with its principal place of business in Torrance, California. Bounds was started over forty years ago by William Bounds, who developed a pepper mill mechanism that evenly crushes peppercorns. The company currently sells a variety of products, including pepper mills.

Relator filed a complaint alleging that Bounds, and/or its agents, has manufactured, sold, offered to sell, or advertised pepper mills marked with U.S. Patent No. 3,168,256. Relator alleges that this particular patent expired on May 2, 1983, and

2

that subsequent to the expiration Bounds continued to mark its pepper mills with phrases referring to the expired patent, or advertised the peppers mills in connection with the expired patent. Relator alleges that Bounds falsely marked its peppers mills with the expired patent for the purpose of deceiving the public.

II.  STANDARD OF REVIEW

Defendant has requested that the court stay this case pending the Court of Appeals for the Federal Circuit's resolution of the appeal in Stauffer v. Brooks Brothers, Nos. 2009-1428, 2009-1430, 2009-1453 (Fed. Cir.).

District courts have broad power to stay proceedings. Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). A district court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Id. at 1215 (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). In exercising its discretion, a district court can "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Bechtel, 544 F.2d at 1215. The issues and the parties to the two causes need not be identical before one suit may be stayed to abide the proceedings of another. See Landis, 299 U.S. at 254. However,


a district court would abuse its discretion by issuing a stay "of indefinite duration in the absence of a pressing need." Id. at 255. A district court must exercise its judgment in weighing the competing interests and maintaining an even balance when staying a proceeding. Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983).

III. DISCUSSION

District courts within the jurisdiction of the Court of Appeals for the Third Circuit have identified competing interests of the parties when deciding whether to exercise their power to stay proceedings. Some have identified the following:

> 1) The length of the stay;
>
> 2) The balance of harm to the parties; and
>
> 3) Whether a stay will simplify issues and promote judicial economy.

Resco Products, Inc. v. Bosai Minerals Group Co., LTD., No. 06-235, 2010 WL 2331069, at *5 (W.D. Pa. June 4, 2010) (citing Gunduz v. U.S. Citizenship and Immigration Servs., No. 07-780, 2007 WL 4343246, at *1 (W.D. Pa. Dec. 11, 2007)). Other district courts have identified the following five factors when balancing competing interests:

> 1) The interest of the plaintiffs in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

    2) The burden which any particular aspect of the proceedings may impose on defendants;

    3) The convenience of the court in the management of its cases, and the efficient use of judicial resources;

    4) the interests of persons not parties to the civil litigation; and

    5) the interest of the public in pending civil litigation.

Id. (citing Morgenstern v. Fox Television Stations of Phila., No. 08-0562, 2010 WL 678113, at *2 (E.D. Pa. Feb. 23, 2010)).

    The court finds after weighing the enumerated competing interests that the balance tips toward exercising the court's power to stay the proceedings. A stay will promote judicial economy because the outcome of Stauffer in the Court of Appeals for the Federal Circuit could be dispositive of the present matter.

    In Stauffer, the district court held that relator did not have standing to bring forth the qui tam action under section 292 of the Patent Act because relator failed to allege that Brooks Brothers' conduct "caused an actual or imminent injury in fact to competition, to the United States economy, or the public that could be assigned to him as a qui tam plaintiff or be vindicated through this litigation." Stauffer v. Brooks Bros., Inc., 615 F. Supp. 2d 248, 255 (S.D.N.Y. 2009). Similar to Stauffer, the relator in the present matter has failed to allege any imminent injury in fact to competition, the United States economy, or the public.

    The interest in the pending Stauffer appeal is

significant, as the decision involves a constitutional issue regarding whether a private party has Article III standing to bring a false marking claim under section 292 of the Patent Act when that private party has suffered no cognizable injury in fact. Staying the proceedings until the resolution of the Stauffer appeal will promote judicial economy as there will be clarification as to whether the relator in the present matter has standing to pursue this qui tam action.

Moreover, Stauffer and the present matter involve similar factual scenarios. Both cases involve a patent attorney being the impetus behind the qui tam action for false patent marking under section 292 of the Patent Act. Id. at 252. Also similar to the present matter, the relator in Stauffer claimed that Brooks Brothers falsely marked their bow ties with expired patents. Id. Moreover, the complaint in Stauffer alleged that Brooks Brothers knew, or should have known, that the patents had expired; therefore, they falsely marked their bow ties with the intent of deceiving the public. Id.

With regard to other competing interests recognized by the district courts, this stay is not likely to be significant in length, as oral arguments on the Stauffer appeal are scheduled for August 3, 2010. Also, the balance of harm weighs in favor of Bounds. Relator has not argued that it will suffer prejudice by this delay; instead relator focuses its arguments against staying

this matter on Bounds' alleged failure to make a clear case of hardship, and the potential for <u>Stauffer</u> to be appealed beyond the Court of Appeals for the Federal Circuit to the Supreme Court. The court finds that the only prejudice relator may suffer would be a delay in receiving an award under section 292 of the Patent Act should Bounds ultimately be found liable.

In contrast, Bounds argues that as a small company in California the costs to proceed further in this litigation will be significant, and will require time being taken away from the few employees of Bounds who would be required to participate in lengthy discovery and depositions. Bounds argues that to impose this burden upon it when a decision in <u>Stauffer</u> could require a dismissal of this case is an inequitable hardship in light of the fact that relator will suffer no harm from a stay of the proceedings. The court finds that Bounds has adequately averred hardships and burdens that far outweigh any prejudice relator may suffer from a stay of the proceedings.

Finally, the court also takes note that many other district courts, including several of our sister courts in the Eastern District of Pennsylvania and the District of New Jersey, have stayed proceedings in cases pending the resolution of <u>Stauffer</u> in the Court of Appeals for the Federal Circuit. <u>See</u> <u>Hollander v. Timex Group USA, Inc.</u>, No. 10-429 (E.D. Pa. May 5, 2010); <u>Hollander v. Hospira, Inc.</u>, No. 10-235 (E.D. Pa. May 7, 2010); <u>Hirschhorn v.</u>

Church & Dwight Co., Inc., No. 10-1156 (E.D. Pa. May 17, 2010); Creston Elec., Inc. v. Lutron Elec. Co., Inc., No. 10-1390 (D.N.J. May 13, 2010).

Based on the foregoing, we find that it is proper to administratively close this case pending the outcome of Stauffer in the Court of Appeals for the Federal Circuit.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex. rel. )
FLFMC, LLC., )
        Plaintiffs, )
                                                      )
        v. )  Civil Action No. 10-0420
                                                      )
WILLIAM BOUNDS, LTD., )
        Defendant. )

ORDER

AND NOW, this 28 day of July, 2010, before the court is defendant William Bounds, LTD.'s motion to dismiss, and in the alternative motion to stay [doc. no. 12] pending a decision by the Court of Appeals for the Federal Circuit in <u>Stauffer v. Brooks Brothers</u>, Nos. 2009-1428, 2009-1439, 2009-1452 (Fed Cir.). We will refrain from ruling on the outstanding motion and, in the interest of judicial economy, IT IS HEREBY ORDERED that the Clerk of Court is directed to mark this case ADMINISTRATIVELY CLOSED. The parties are REQUIRED to NOTIFY THE COURT within seven (7) days of the outcome of the <u>Stauffer</u> appeal before the Court of Appeals for the Federal Circuit.

      Nothing contained in this order shall be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, either party may initiate it in the same manner as if this order had not been entered.

BY THE COURT:

_____, C. J.

cc:        All Counsel of Record