IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex. rel. FLFMC, LLC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 10-420 |
| v. | ) | |
| | ) | |
| WILLIAM BOUNDS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM</u>

Gary L. Lancaster,
Chief Judge.                        November 17, 2010

        This is a <u>qui tam</u> action under the Patent Act, 35

U.S.C. § 1 <u>et seq</u>.  Relator, FLFMC, LLC. ("FLFMC"), alleges that

defendant, William Bounds, LTD. ("Bounds"), engaged in false

patent marking in violation of section 292 of the Patent Act

("section 292").  35 U.S.C. § 292.  FLFMC alleges that Bounds

falsely marked pepper mills that it manufactures and sells with

U.S. Patent No. 3,168,256 ("patent 256"), which expired on May 2,

1983.  FLFMC contends that Bounds should be held liable under

section 292 and seeks one half of any penalty imposed.

        Bounds has filed a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(1).  [Doc. 12].  Bounds

contends that FLFMC lacks standing because it has failed to

sufficiently plead an injury in fact and a nexus between the

false marking and the alleged harm.  Bounds has also filed its

motion to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(6) and 9(b). [Id.]. Bounds contends that FLFMC has failed to satisfy the pleading requirements of Rule 9(b) because it did not allege with sufficient particularity that Bounds acted with fraudulent intent.

FLFMC argues that it has clearly pled an injury in fact and that this injury in fact provides the necessary nexus between the false marking and the harm. Additionally, FLFMC argues that it is not required to plead intent to deceive under section 292 with particularity and its complaint is sufficient to satisfy the pleading standards set forth in Federal Rule of Civil Procedure 8(a).

For the reasons set forth below, Bounds's motion to dismiss will be granted, without prejudice, because FLFMC's allegations fail to satisfy the pleading requirements of Rule 9(b). FLFMC will be granted leave to file an amended complaint.

I. <u>FACTUAL BACKGROUND</u>

FLFMC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania. Bounds is a California corporation with its principal place of business in Torrance, California. Bounds sells a variety of products, including the pepper mills at issue.

FLFMC alleges that Bounds, and/or its agents, manufactured, sold, offered to sell, or advertised pepper mills marked with patent 256, which expired on May 2, 1983. FLFMC

2

alleges that Bounds marked its pepper mills with phrases referring to patent 256, and advertised the peppers mills in connection with patent 256. FLFMC also asserts that Bounds falsely marked its peppers mills for the purpose of deceiving the public.

II. <u>PROCEDURAL BACKGROUND</u>

On June 7, 2010, Bounds filed a motion to dismiss, or in the alternative, a motion to stay this case pending a decision by the Court of Appeals for the Federal Circuit in <u>Stauffer v. Brooks Brothers</u>, 619 F.3d 1321 (Fed. Cir. 2010). [Doc. No. 12]. The Court of Appeals for the Federal Circuit was set to determine whether a private party had Article III standing to bring a false marking claim under section 292 when that private party suffered no cognizable injury in fact. Thus, in the interest of judicial economy, we administratively closed this case on July 28, 2010 pending a ruling from the court of appeals. [Doc. No. 17].

On August 31, 2010, the court of appeals issued a decision in <u>Stauffer</u> holding that a violation of section 292 inherently constitutes an injury to the United States, and that the United States' sovereign injury is sufficient to confer standing upon not only the United States, but also any partial assignee in a <u>qui</u> <u>tam</u> action. <u>Id</u>. at 1326-1328. On October 5, 2010, Bounds filed a request for reconsideration of its motion to dismiss filed on June 7, 2010. [Doc. No. 22]. Bounds avers that

3

the remaining contentions in its motion to dismiss are ripe for consideration in light of the court of appeals decision in Stauffer.  We agree.

III. LEGAL STANDARD

When a court considers a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the first question is whether a defendant is making a facial or factual jurisdictional attack. CNA v. U.S., 535 F.3d 132, 139 (3d Cir. 2008).  In a facial jurisdictional attack, where a defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the court may only consider the allegations of the complaint, and must do so in the light most favorable to the plaintiff.  U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 513 (3d Cir. 2007).

In a factual jurisdictional attack, the burden of proof is on a plaintiff to establish jurisdiction.  Id.  Thus, when presented with a factual 12(b)(1) motion, the court need only accept a plaintiff's uncontroverted allegations as true.  Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citing Gibbs v. Buck, 307 U.S. 66, 72 (1939)).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient facts that, if accepted as true, state "a

4

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 9(b) all averments of fraud must be stated with particularity. "Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997) (citations omitted). Rule 9(b) can be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the fraud allegations. Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 n. 10 (3d Cir. 2002).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules.  The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of the plaintiff.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits.  Twombly, 550 U.S. at 556, 563 n.8.  Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  Id. at 556.  In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted.  Id. at 563 n.8.

IV. DISCUSSION

      A. Subject Matter Jurisdiction under 12(b)(1)

Bounds challenges FLFMC's standing and argues that FLFMC has failed to plead an injury in fact to the United States, the public, or itself.  Additionally, Bounds contends that FLFMC has failed to plead a nexus between the false marking and the alleged harm.  Accordingly, Bounds's jurisdictional challenge is facial, and we must accept all of FLFMC's allegations as true in determining whether we have subject matter jurisdiction.

6

> To establish Article III standing, FLFMC must show:
>
> (1) that [it] has suffered an injury in fact,
> an invasion of a legally protected interest
> that is (a) concrete and particularized, and
> (b) actual and imminent, not conjectural or
> hypothetical, (2) that there is a causal
> connection between the injury and the conduct
> complained of, and (3) that the injury is
> likely to be redressed by a favorable
> decision.

Stauffer, 619 F.3d at 1325 (citations and internal quotations
omitted).

      In Stauffer, the Court of Appeals for the Federal
Circuit held that a plaintiff is not required to plead that it
suffered an injury because the qui tam provision in section 292
statutorily assigns the United States' rights to a plaintiff.
Thus, a plaintiff has standing by asserting any injury in fact
suffered by the United States.  Id.  The court of appeals further
held that a violation of section 292 constitutes an injury in
fact to the United States.  Id. (citing Vermont Agency of Natural
Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 774 (2000)).

      FLFMC alleges that Bounds marked its pepper mills with
expired patent 256 in violation of section 292, which, if true,
would constitute an injury in fact to the United States.  FLFMC
also alleges that the injury was caused by Bounds marking its
pepper mills with expired patent 256, which, if true, shows a
causal connection between the injury and the conduct of Bounds.
Finally, the alleged injury to the United States could be

7

redressed by a favorable decision requiring payment of statutory fines by Bounds. FLFMC has adequately alleged an injury in fact to the United States and a causal connection between the false marking and the alleged harm. Thus, we find that FLFMC's allegations, taken as true, are sufficient to confer subject matter jurisdiction upon this court.

B. Rules 12(b)(6) and 9(b): 35 U.S.C. § 292

Bounds has also filed its motion to dismiss pursuant to Rule 12(b)(6) and argues that FLFMC has failed to plead fraud with particularity as required by Rule 9(b). FLFMC argues that it is not required to plead intent to deceive under section 292 with particularity and that its complaint is sufficient to satisfy the pleading standards set forth in Rule 8(a).

To state a claim for false marking under section 292, a plaintiff must show two elements: "(1) marking an unpatented article; and (2) intent to deceive the public." Brinkmeier v. BIC Corp., Nos. 09-860, 10-01, 2010 WL 3360568, at *6 (D. Del. Aug. 25, 2010) (citing Forest Group v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009); Clontech Labs. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

FLFMC's complaint alleges that Bounds marked pepper mills with expired patent 256, and that Bounds "did so for the purpose of deceiving the public." [Doc. No. 1, ¶ 12]. FLFMC's complaint alleges nothing further about intent to deceive. FLFMC

8

argues that this allegation sufficiently states intent to deceive under Rule 8(a).

FLFMC asserts in support of its argument that in an analogous case, U.S. ex rel. FLFMC v. Ace Hardware Corp., No. 10-229, 2010 WL 1904023 (W.D. Pa. May 7, 2010), the motion to dismiss was denied because the allegations satisfied Rule 8(a). In FLFMC v. Ace, the district court held that the allegations made were sufficient under the pleading standards set forth in Twombly and Iqbal. Id. at *3. However, in FLFMC v. Ace, the district court did not address whether a plaintiff is required to plead a claim under section 292 with sufficient particularity to satisfy the pleading requirements of Rule 9(b).

The Court of Appeals for the Federal Circuit has not addressed whether claims under section 292 require a plaintiff to show intent to deceive under the heightened pleading requirements of Rule 9(b). However, several district courts in the Third Circuit have recently held that false marking claims under section 292 are subject to the heightened pleading standards of Rule 9(b). See Brinkmeier v. BIC Corp., 2010 WL 3360568, at *6; Hollander v. Etymotic Research, Inc., No. 10-526, 2010 WL 2813015, at *7 (E.D. Pa. July 14, 2010); Hollander v. Ortho-

9

<u>McNeil-Janssen Pharmaceuticals, Inc.</u>, No. 10-836, 2010 WL 4159265
(E.D. Pa. Oct. 21, 2010).[1]

A claim for false marking is actionable only when there
is intent to deceive; therefore, claims under section 292 are
based in fraud and are subject to the heightened pleading
requirements of Rule 9(b). <u>Brinkmeier v. BIC Corp.</u>, 2010 WL
3360568, at *8 (citations omitted); <u>see also</u> <u>Exergen Corp. v.</u>
<u>Wal-Mart Stores, Inc.</u>, 575 F.3d 1312, 1328 (Fed. Cir. 2009)
(holding that a claim of inequitable conduct in a patent case,
which includes the element of intent to deceive, requires a
plaintiff to plead with requisite particularity to satisfy the
pleading standards of Rule 9(b)).

We agree with the great majority of district courts and
find that the false marking statute sounds in fraud and a

---
[1]

District courts from other circuits have also recently held that
false marking claims under section 292 are subject to the
heightened pleading standards of Rule 9(b).  <u>See</u>, <u>e.g.</u>, <u>U.S. ex</u>
<u>rel. Hallstrom v. Aqua Flora, Inc.</u>, No. 10-1459, 2010 WL 4054243,
at *5 (E.D. Cal. Oct. 15, 2010) (citing <u>Juniper Networks v.</u>
<u>Shipley</u>, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009)); <u>Simonian</u>
<u>v. Cisco Systems, Inc.</u>, No. 10-1306, 2010 WL 2523211, at *3 (N.D.
Ill. June 17, 2010); <u>The N.C. Farmers' Assistance Fund, Inc. v.</u>
<u>Monsanto Co.</u>, No. 08-409, 2010 WL 3817349, at *9 (M.D. N.C. Sept.
27, 2010); <u>Josephs v. Federal-Mogul Corp.</u>, No. 10-10617, 2010 WL
3803779, at *2 (E.D. Mich. Sept. 23, 2010).  <u>But</u> <u>see</u> <u>Brinkmeier v.</u>
<u>Graco Children's Products Inc.</u>, 684 F. Supp. 2d 548, 553 (D. Del.
2010) (declining to decide whether the heightened pleading
requirements of Rule 9(b) applied to section 292 because the
plaintiff failed to sufficiently plead intent to deceive under the
pleading standards of Rule 8(a)); <u>Simonian v. Edgecraft Corp.</u>, No.
10-1263, 2010 WL 3781262, at *2 (N.D. Ill. Sept. 20, 2010).

plaintiff must meet the heightened pleading standards of Rule 9(b) to show intent to deceive.

Before analyzing FLFMC's allegations, we note that the Court of Appeals for the Third Circuit allows district courts to apply a relaxed Rule 9(b) standard when all essential information is in a defendant's control. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). However, "boilerplate and conclusory allegations will not suffice" and a plaintiff must "accompany their legal theory with factual allegations that make their theoretically viable claim plausible." Id. (citing Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284-285 (3d Cir. 1992)).

Section 292 is not a strict liability statute. Clontech, 406 F.3d at 1352. Thus, FLFMC bears the burden of showing "by a preponderance of the evidence, that the accused party did not have a reasonable belief that the articles were properly marked." Id. at 1352-1353. FLFMC's only allegation regarding Bounds's intent to deceive is a conclusory statement that Bounds marked the pepper mills with expired patent 256 "for the purpose of deceiving the public." [Doc. No. 1, ¶ 12]. This broad and conclusory allegation does not meet the heightened pleading standards of Rule 9(b), even when viewing the allegation from a relaxed standard. See Brinkmeier v. Graco, 684 F. Supp. 2d. 548, 553 (D. Del. 2010) (holding that plaintiff's conclusory

11

allegation that defendant marked products with expired patents "for the purpose of deceiving the public" was insufficient to satisfy even the liberal pleading standards of 8(a)).[2]

FLFMC has pled no facts that Bounds intentionally attempted to deceive the public. FLFMC argues in their brief in opposition to the motion to dismiss that the length of time that patent 256 was expired is sufficient to show that Bounds intended to deceive the public. We disagree. The length of Bounds's alleged conduct alone does not show that Bounds intended to deceive the public. FLFMC cannot rest on their single conclusory allegation regarding intent to deceive to satisfy the pleading requirements of Rule 9(b).

Based on the foregoing, we will grant defendant Bounds's motion to dismiss the complaint without prejudice. FLFMC will be granted leave to file an amended complaint.

An appropriate order follows.

---

[2]
In contrast, the district court found in the same case, with respect to other patents that the plaintiff claimed were falsely marked, that the pleadings were sufficient under Rule 9(b) to find an intent to deceive because the plaintiff alleged the defendant had been sued 3 times since the patent at issue expired, yet the defendant continued to mark its products with the expired patent. Brinkmeier v. Graco, 684 F. Supp. 2d. 548, 553 (D. Del. 2010).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA,         )
ex. rel. FLFMC, LLC.,             )
                                  )
          Plaintiffs,             )
                                  )  Civil Action No. 10-0420
     v.                           )
                                  )
WILLIAM BOUNDS, LTD.,             )
                                  )
          Defendant.              )
```

ORDER

AND NOW, this _17_ day of November, 2010, IT IS HEREBY
ORDERED that defendant William Bounds, LTD.'s motion to dismiss
[Doc. No. 12] is GRANTED without prejudice.

IT IS FURTHER ORDERED that relator FLFMC, LLC. is
granted leave to file an amended complaint within thirty (30)
days of the entry of this order on the docket.

BY THE COURT:

_____

cc:  All Counsel of Record