```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. FLFMC, LLC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 10-0420 |
| v. ) | |
| ) | |
| WILLIAM BOUNDS, LTD., ) | |
| ) | |
| Defendant. ) | |

                          MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                March 11, 2011

This is a <u>qui</u> <u>tam</u> action under the Patent Act, 35 U.S.C. § 1 <u>et</u> <u>seq</u>. Relator, FLFMC, LLC. ("FLFMC"), alleges that defendant, William Bounds, LTD. ("Bounds"), engaged in false patent marking in violation of section 292 of the Patent Act ("section 292"), 35 U.S.C. § 292. FLFMC alleges that Bounds falsely marked pepper mills that it manufactures and sells with U.S. Patent No. 3,168,256 ("patent 256"), which expired on May 2, 1983. FLFMC contends that Bounds should be held liable under section 292 and seeks one half of any penalty imposed.

Bounds has filed a motion to dismiss FLFMC's amended complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). [Doc. No. 28]. Bounds contends that FLFMC has failed to satisfy the pleading requirements of Rule 9(b) because it did

not allege that Bounds acted with fraudulent intent with sufficient particularity.

FLFMC argues that in the amended complaint it has alleged Bounds' intent to deceive under section 292 with sufficient particularity to satisfy the pleading standards set forth in Rule 9(b).

For the reasons set forth below, Bounds' motion to dismiss will be denied.

I. FACTUAL BACKGROUND

Bounds is a California corporation that sells a variety of products, including the pepper mills at issue. FLFMC alleges that Bounds, and/or its agents, manufactured, sold, offered to sell, or advertised pepper mills marked with patent 256, which expired on May 2, 1983. FLFMC alleges that Bounds marked its pepper mills with phrases referring to patent 256, and advertised the pepper mills in connection with patent 256.

II. PROCEDURAL BACKGROUND

On June 7, 2010, Bounds filed a motion to dismiss, or in the alternative, a motion to stay this case pending a decision by the Court of Appeals for the Federal Circuit in Stauffer v. Brooks Brothers, 619 F.3d 1321 (Fed. Cir. 2010). [Doc. No. 12]. We administratively closed this case on July 28, 2010 pending a ruling from the court of appeals. [Doc. No. 17].

After the court of appeals decided Stauffer, this court granted Bounds' motion to dismiss, without prejudice, and gave FLFMC leave to file an amended complaint. [Doc. No. 25]. We held that FLFMC had failed to plead that Bounds intended to deceive the public with the requisite particularity required under Rule 9(b). [Doc. No. 25]. FLFMC filed an amended complaint on December 16, 2010. [Doc. No. 26]. Bounds filed a motion to dismiss the amended complaint on December 30, 2010. [Doc. No. 28].

III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 9(b) all averments of fraud must be stated with particularity. "Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997) (citations omitted). Rule 9(b) can be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into the fraud allegations. Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 n. 10 (3d Cir. 2002).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "take note of the elements a plaintiff must plead to state a claim." Id.; Iqbal, 129 S.Ct. at 1947. Next, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 129 S.Ct. at 1950. Finally, "where there a well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement of relief." Id.

We may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

IV. DISCUSSION

Bounds has moved to dismiss the amended complaint on the ground that FLFMC failed to plead that Bounds intended to deceive the public with sufficient particularity as required by Rule 9(b). According to Bounds, the additional allegations in the amended complaint are legal conclusions arbitrarily pieced together from other similar cases. Bounds argues further that these additional allegations do not satisfy the pleading requirements of Rule 9(b). Bounds asserts that FLFMC's amended complaint should be dismissed with prejudice because, if we accept its argument, FLFMC will have twice failed to plead any facts showing that Bounds intended to deceive the public.

FLFMC contends that it has pleaded in the amended complaint numerous allegations showing Bounds' intent to deceive

5

the public. FLFMC argues further that the allegations in the amended complaint satisfy the pleading requirements of Rule 9(b) and are sufficient to allow this court to reasonably infer Bounds' deceptive intent.

The elements of a claim for false marking under section 292 are: "(1) marking an unpatented article; and (2) intent to deceive the public." Brinkmeier v. BIC Corp., 733 F. Supp. 2d 552, 559-560 (D. Del. 2010) (citing Forest Group v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009); Clontech Labs. Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

This court previously found that false marking claims under section 292 are subject to the heightened pleading standards of Rule 9(b). U.S., ex. rel. FLFMC, LLC v. William Bounds, Ltd., No. 10-0420, 2010 WL 4788554, at *5 (Nov. 17, 2010). The Court of Appeals for the Third Circuit, however, allows district courts to apply a relaxed Rule 9(b) standard when all essential information is in a defendant's control. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). Under this relaxed standard plaintiffs are still required to accompany their claims with statements of facts supporting their allegations. Shapiro v. UJB Financial Corp., 964 F.2d 272, 285 (3d Cir. 1992).

With respect to the first element in a false marking claim under section 292, FLFMC has successfully alleged facts

6

supporting its claim that Bounds marked unpatented articles to satisfy the pleading standards of Rule 9(b). FLFMC alleged that Bounds manufactured, sold, offered to sell, or advertised pepper mills marked with patent 256, which expired on May 2, 1983. [Doc. No. 26, ¶ 15]. FLFMC alleged further that Bounds marked its pepper mills with phrases referring to patent 256, and advertised the pepper mills in connection with patent 256. [Id. at ¶¶ 14, 17]. We now determine whether FLFMC sufficiently alleged that Bounds intended to deceive the public.

Pursuant to Rule 9(b), intent may be alleged generally; however, FLFMC is required to allege sufficient facts from which we may reasonably infer that Bounds intended to deceive the public. See Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009).

FLFMC's amended complaint contains multiple allegations regarding Bounds' intent to deceive the public. FLFMC alleged that Bounds is a sophisticated company with many decades of experience dealing with patents, and that Bounds invented or had been assigned at least 42 patents. [Doc. No. 26, ¶ 5]. FLFMC alleged further that Bounds is well-versed in intellectual property matters, and has engaged experienced patent counsel to secure and maintain its patent portfolio. [Id. at ¶¶ 6-8]. FLFMC also alleged that Bounds knew or should have known that patents have a finite life given its experience

7

with current and prior patents. [Id. at ¶ 9]. Finally, FLFMC alleged that Bounds advertised to the public on the pepper mill's packaging that the mills were patented and that Bounds could not have had a reasonable belief that it was proper to mark and advertise the pepper mills with the 256 patent, which had been expired for 20 years. [Id. at ¶¶ 13-16].

At this stage in the proceedings we are required to take all the well-pleaded facts alleged in the amended complaint as true. FLFMC's claim that Bounds intended to deceive the public is supported by facts alleging Bounds' sophistication, Bounds' experience with patents, Bounds' use of patent counsel in securing and maintaining patents, and the length of time the pepper mills were marked with an expired patent. FLFMC has sufficiently alleged that Bounds intended to deceive the public to satisfy the pleading standards of Rule 9(b).

Based on the foregoing, we will deny Bounds' motion to dismiss the amended complaint.

An appropriate order follows.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. FLFMC, LLC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 10-0420 ) ) |
| WILLIAM BOUNDS, LTD., | ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 11th day of March, 2011, IT IS HEREBY ORDERED that defendant William Bounds, LTD.'s motion to dismiss [Doc. No. 28] is DENIED.

BY THE COURT:

_____, C. J.

cc:  All Counsel of Record