IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
ex rel. FLFMC, LLC., )
 )
    Plaintiffs, )
 ) Civil Action No. 10-0420
  v. )
 )
WILLIAM BOUNDS, LTD., )
 )
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.
April 26, 2011

The parties are familiar with the background and procedural posture of this case from prior opinions issued by this court. [Doc. Nos. 17, 25, 41]. We need only state that this is a qui tam action under the Patent Act, 35 U.S.C. § 1 et seq. Relator, FLFMC, LLC. ("FLFMC"), alleges that defendant, William Bounds, LTD. ("Bounds"), engaged in false patent marking in violation of section 292 of the Patent Act ("section 292"), 35 U.S.C. § 292. FLFMC alleges that Bounds falsely marked pepper mills that it manufactures and sells with U.S. Patent No. 3,168,256 ("patent 256"), which expired on May 2, 1983. FLFMC contends that Bounds should be held liable under section 292 and seeks one half of any penalty imposed.

Before the court is Bounds' motion to transfer venue pursuant to 28 U.S.C. § 1404. [Doc. No. 44]. Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Bounds has moved for this case to be transferred to the Central District of California on the ground that Bounds has significant ties to California. Bounds contends that all its personnel connected to the manufacture, sale, advertising, or marking of pepper mills with patent 256 work and live in the Central District of California. Bounds asserts that the only ties it has to the Western District of Pennsylvania is that it sells pepper mills through retailers in Pennsylvania. Bounds asserts further that FLFMC's choice of forum should not control in this case because in a qui tam action the real party in interest is the United States, and a relator's choice of venue is to be given little deference.

FLFMC responds that Bounds has not met the substantial burden placed upon it to establish the need for a transfer of venue. FLFMC argues that none of the relevant factors strongly favor the Central District of California over this court as the proper forum.

2

We need not dwell on this matter at length. Essentially for the reasons set forth in U.S. v. Ohio Art Co., No. 10-230, 2010 WL 3155160 (W.D. Pa. July 30, 2010), we find that the equities and the interests of justice weigh in favor of transfer. The balance of factors make the Central District of California the more proper and convenient forum for this qui tam action brought on behalf of the United States.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
ex rel. FLFMC, LLC., )
 )
      Plaintiffs, )
 ) Civil Action No. 10-0420
  v. )
 )
WILLIAM BOUNDS, LTD., )
 )
      Defendant. )

## ORDER

AND NOW, this 26th day of April, 2011, IT IS HEREBY ORDERED that William Bounds, LTD.'s motion to transfer [Doc. No. 44] is GRANTED as to a transfer of this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California. The Clerk of Court is ordered to transfer this case forthwith to the United States District for the Central District of California.

BY THE COURT:

/s/ _____, C.J.

cc: All Counsel of Record